**Baltazar DIAZ–CARRANZA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–71444.**

**Agency No. A75–479–569.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

Baltazar Diaz–Carranza, pro se, Colton, CA.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Arthur L. Rabin, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM**

Baltazar Diaz–Carranza, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b). We have jurisdiction under 8 U.S.C. § 1252.[1] We review de novo, *Khourassany v. INS,* 208 F.3d 1096, 1101 (9th Cir.2000), and deny the petition for review.

Diaz–Carranza contends that the BIA erred by finding him statutorily ineligible for cancellation of removal based on his failure to meet the good moral character component of 8 U.S.C. § 1229b(b)(1)(B). Because Diaz–Carranza admitted that he paid a smuggler to bring his wife into the United States illegally in 1995, the BIA correctly found that he is barred from a finding of good moral character. *See Khourassany,* 208 F.3d at 1101.

Diaz–Carranza's equal protection claim is foreclosed by this court's decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002) (rejecting equal protection claim based on the Nicaraguan Adjustment and Central American Relief

Act's more favorable treatment of individuals from certain designated countries).

We reject Diaz–Carranza's remaining contentions.

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We grant Diaz–Carranza's motion to reinstate proceedings and deny his renewed motion for a stay of removal.

